# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# Dallas Division

EDEN FOODS, INC.,

    Plaintiff,

v.

EDEN BOOST PRIVATE LIMITED,

    Defendant.

Civil Action No.

## COMPLAINT

Plaintiff Eden Foods, Inc. ("Eden Foods"), through counsel, alleges as follows for its Complaint against Defendant Eden Boost Private Limited ("Defendant").

## NATURE OF THE SUIT

1. This is an action for trademark infringement and unfair competition under the Lanham Act and Texas common law.

2. Defendant is targeting U.S. consumers with sales of products highly related to Eden Foods' own offerings, under a mark that wholly incorporates Eden Foods' longstanding, registered, and incontestable EDEN trademark. The EDEN BOOST mark, when applied to Defendant's products and services, and offered through its chosen channels of marketing and trade, is likely to confuse consumers into falsely believing that Eden Foods offers, endorses, or is otherwise affiliated with Defendant's products, thereby diverting sales and harming Eden Foods' valuable brand.

3. Defendant is aware of Eden Foods' trademark registrations and the likelihood of

consumer confusion stemming therefrom—both through numerous letters sent by Eden Foods, and the U.S. Patent and Trademark Office's ("USPTO") refusal of Defendant's trademark application for the mark EDEN BOOST in view of Eden Foods' senior registrations. Yet Defendant persists in its infringing use, without any acknowledgement of, or attempts to ameliorate the harm to, Eden Foods. This constitutes willful trademark infringement and unfair competition, and Eden Foods seeks this Court's assistance in preventing continuing harm to both Eden Foods and consumers.

## PARTIES

4. Eden Foods is a corporation organized under the laws of the State of Michigan, having its principal place of business at 701 Tecumseh Road, Clinton, Michigan 49236.

5. On information and belief, Defendant is a private company organized under the laws of Singapore, with a principal place of business at 539 W. Commerce Street, #2386, Dallas, Texas 75208.

## JURISDICTION AND VENUE

6. This is a civil action for trademark infringement and unfair competition in violation 15 U.S.C. §§ 1114(1) and 1125(a) and common law of the State of Texas.

7. This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendant by virtue of its physical location in Dallas Texas, and/or due to Defendant's purposeful availment of the rights and privileges afforded by Texas law, and/or purposeful direction of its infringing activities into the State, including through the promotion and sales of infringing products to Texas consumers.

9. In the alternative, if Defendant is not subject to the jurisdiction of Texas, on information and belief, Defendant is not subject to jurisdiction in any state's courts of general

jurisdiction. Nonetheless, Defendant's contacts including its U.S. sales of infringing products, promotional efforts directed to U.S. consumers, use of an interactive commercial website available and directed to U.S. consumers, attempts to acquire U.S. statutory trademark protections based on alleged use of the infringing mark in U.S. commerce, and retention of U.S.-based counsel in furtherance of its attempts to acquire statutory trademark protections, create sufficient contacts with the United States as a whole such that exercising jurisdiction is consistent with the United States Constitution and laws, and the exercise of personal jurisdiction is therefore proper under Fed. R. Civ. P. 4(k)(2).

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## EDEN FOODS' TRADEMARK RIGHTS

11. Eden Foods is a leading producer of natural and organic food and beverage products, all marketed under a protected family of EDEN trademarks that are registered with the USPTO. Currently, Eden Foods offers over 300 products under the family of EDEN trademarks. Eden Foods and its EDEN-branded products are well known to consumers, and have earned significant gratuitous publicity including winning numerous awards.

12. Long prior to the acts complained of herein, Eden Foods commenced use of the inherently distinctive and arbitrary word EDEN, alone and in combination with other words and/or a distinctive Fern Design, as a trademark in the United States for a wide variety of food products, including natural and organic foods and beverages, as well as food- and beverage-related products and services, and Eden Foods has continuously used said mark on or in connection with such products and services, and in the advertising and sale thereof, in interstate commerce since as early as 1967.

13. Eden Foods' EDEN products are sold throughout the United States through a variety of retail outlets, including: national and regional supermarket chains such as Safeway, Kroger, Whole Foods, Publix, Albertsons, Harris Teeter and Walmart; local grocery stores; food cooperatives; health food stores; convenience stores; and department stores. Eden Foods' EDEN products are also available through mail order outlets and via the Internet through Eden Foods' website accessible at EdenFoods.com, as well as through other online retailers.

14. Eden Foods extensively advertises and promotes its EDEN family of products and services through a variety of means including printed publications, distribution of printed promotional materials, and via the Internet. Eden Foods' annual expenditures for advertising and marketing activities are in the millions of dollars. Eden Foods' EDEN products also are the subject of a large amount of gratuitous, positive publicity.

15. Eden Foods' annual retail sales of EDEN products in the United States have consistently exceed One Hundred Million Dollars ($100,000,000) for a number of years.

16. Eden Foods was founded to provide consumers with the highest quality health foods available, particularly foods grown without the use of chemical herbicides, pesticides, and caustic fertilizers, known to some as "macrobiotic" foods. As early as 1969, Eden Foods was known as a pioneer in the development of organic food certification standards in the United States. In the early 1970s, Eden Foods researched organic growing techniques used by farmers in Europe and introduced these techniques to growers in the United States. Because of Eden Foods' commitment to product integrity, Eden Foods' EDEN family of health foods are recognized throughout the food and health industries as being of the highest quality.

17. Among Eden Foods' healthful offerings are numerous products intended to supplement one's diet and provide health and wellness benefits. These products include Eden

Foods' ume plum and kombu products. Eden Foods has also marketed products including orally ingested enzymes, minerals, vitamins, and food digestion tablets in the past.

18. Eden Foods has used an assortment of EDEN-formative marks to market its products and services. These marks include EDEN standing alone, EDEN FOODS, EDENSOY, EDENEWS, EDEN STORE, and EDEN ORGANIC.

19. As a result of Eden Foods' extensive and substantial advertising and sales of products under the family of EDEN trademarks and the maintenance of premium quality standards relating thereto, said marks are well and favorably known to the general public throughout the United States as a distinctive indication of origin and had become famous long prior to Defendant's first use of the mark EDEN BOOST, which is the subject of this civil action.

20. By virtue of Eden Foods' longstanding and continuous use of the family of EDEN formative marks in U.S. Commerce in association with its food- and beverage-related products and services, Eden Foods possesses broad common law trademark rights in the marks.

21. In addition to its common law trademark rights, Eden Foods possesses statutory trademark rights by virtue of its ownership of subsisting U.S. trademark registrations for the EDEN family of marks.

22. Eden Foods duly registered EDENSOY as a trademark in the USPTO under Registration No. 1,440,754, which issued May 26, 1987, and has been duly renewed and now covers soybean based food beverages.

23. Eden Foods duly registered EDEN as a trademark for the following food and beverage products in the USPTO under Registration No. 1,452,337, which issued August 11, 1987, and has been duly renewed and now covers the following products:

- Pickled plums; processed and unprocessed dried fruits; processed nuts; processed seeds; vegetable oils; namely, olive oil, safflower oil, sesame oil; and snack foods

      consisting of processed nuts, processed seeds and dried fruits.

- Processed grains, namely, wheat flour, buckwheat flour, millet flour, rice flour, rye flour; pasta, namely, wheat noodles, wheat and spinach noodles, wheat and buckwheat noodles; soy sauce; barley malt syrup for table use; vinegar; mustard; tomato based spaghetti sauce; sea salt for table use; beverage consisting of tea and herbs.

- Unprocessed beans, namely, aduki, black turtle beans, kidney beans, great northern beans, green lentils, navy beans, pinto beans, soy beans; unprocessed peas, namely, chickpeas; unprocessed nuts; unprocessed edible seeds; unprocessed grains, namely barley, rice, wheat, buckwheat and millet; unprocessed corn and unpopped popcorn; and unprocessed sea vegetables, namely sea weed.

24. Eden Foods duly registered EDEN as a trademark in the USPTO under Registration No. 1,862,634, which issued November 15, 1994, and has been duly renewed and now covers the following products:

- Vegetable oils, crushed tomatoes, sauerkraut, and processed can beans.

- Pasta; pizza sauce; teas; crackers; chips; misos; and condiments; namely, mustard, sea salt, processed sesame seeds, garlic pastes, furikake, pickled beefsteak leaf powder, bonito flakes, pickled ginger, tekka, wasabi powder, tamari, and shoyu.

- Unprocessed grains; namely, barley, wheat, and quinoa.

25. Eden Foods duly registered EDEN as a trademark in the USPTO under Registration No. 2,229,053, which issued March 2, 1999, and has been duly renewed and now covers fruit butter, fruit sauce and fruit juices.

26. Eden Foods duly registered EDEN ORGANIC & Fern Design as a trademark for the following food and beverage products in the USPTO under Registration No. 2,272,652, which issued August 24, 1999, and has been duly renewed and now covers the following products:

- Vegetable oils; processed nuts; processed edible seeds; processed mixture consisting of any combination of fruits, nuts and seeds; and dried fruits.

- Rice; pasta and noodles; breakfast cereals; vinegar; and soy sauce.

27. Eden Foods duly registered EDEN as a trademark with the USPTO under

Registration No. 2,503,977, which issued November 6, 2001, and has been duly renewed and now covers dietary food supplements, namely, edible Kombu root seaweed and ume plum concentrate.

28. Eden Foods duly registered EDENEWS as a trademark with the USPTO under Registration No. 2,905,671, which issued November 30, 2004, and has been duly renewed and now covers newsletters in the field of food and food-related topics, nutrition, health and diet, farming and agricultural and environmental issues.

29. Eden Foods duly registered EDEN as a trademark in the USPTO under Registration No. 2,977,773, which issued July 26, 2005, and has been duly renewed and now covers processed popcorn for popping.

30. Eden Foods duly registered EDEN FOODS as a trademark in the USPTO under Registration No. 3,071,337, which issued March 21, 2006, and has been duly renewed and now covers the following products:

- Vegetable oils; processed vegetables; soybean based food beverages; soybean based misos; nut and fruit butters; processed nuts; processed edible seeds; processed mixture consisting of any combination of fruits, nuts and seeds; and vegetable chips and dried fruits.

- Tea; sugar; rice; pasta and noodles; flour; breakfast cereals; honey; syrup for table use; candy; salt; mustard; vinegar; sauces, namely, pizza and spaghetti sauces, soy sauce; processed grains; rice and grain based food beverages; herbal food beverages; seasonings, namely, processed sesame seeds, garlic pastes, furikake, pickled beefsteak leaf powder, bonito flakes, pickled ginger, tekka, wasabi powder; crackers; brown rice chips; and granola.

- Unprocessed fruits, unprocessed vegetables, unprocessed grains, unprocessed nuts and unprocessed edible seeds.

31. Eden Foods duly registered EDEN as a trademark in the USPTO under Registration No. 3,102,575, which issued June 13, 2006, and has been duly renewed and now covers dried cherries.

32. Eden Foods duly registered EDEN as a trademark in the USPTO under Registration

7

No. 4,065,063, which issued on December 6, 2011, and has been duly renewed, and covers providing recipes and information in the field of cooking and food preparation, and providing information in the field of health, nutrition, diet, beauty and organic farming techniques.

33. Eden Foods duly registered EDENEWS as a trademark in the USPTO under Registration No. 4,171,490, which issued on July 10, 2012, and has been duly renewed, and covers downloadable electronic newsletters in the field of food and food-related topics, nutrition, health and diet, farming and agricultural and environmental issues.

34. Eden Foods duly registered EDEN as a trademark in the USPTO under Registration No. 4,264,570, which issued on December 25, 2012, and has been duly renewed, and covers retail and on-line stores featuring food and beverage products.

35. Eden Foods duly registered EDEN STORE as a trademark in the USPTO under Registration No. 4,264,567, which issued on December 25, 2012, and has been duly renewed, and covers retail and on-line store featuring food and beverage products.

36. Eden Foods duly registered EDEN ORGANIC as a trademark in the USPTO under Registration No. 4,272,392, which issued on January 8, 2013, and has been duly renewed, and covers organic processed beans; organic processed fruits; organic food seasonings; organic popcorn, organic tea; organic food starches; organic food flavorings.

37. Eden Foods duly registered EDEN FOODS as a trademark in the USPTO under Registration No. 4,272,393, which issued on January 8, 2013, and has been duly renewed, and covers processed beans; processed fruits; processed tomatoes and crackers; entrees and side dishes consisting primarily of rice and beans.

38. Eden Foods duly registered EDEN RECIPES as a trademark in the USPTO under Registration No. 4,336,312, which issued on May 14, 2013, and has been duly renewed, and covers

downloadable software in the nature of an application for obtaining news and information in the field of food and food related topics, nutrition, health and diet and related textual, audio and video content on mobile and stationary electronic devices.

39. Eden Foods duly registered EDEN as a trademark in the USPTO under Registration No. 4,431,041, which issued on November 12, 2013, and has been duly renewed, and covers tooth powder; dietary food supplements and nutritional supplement concentrates; sushi mats; processed vegetables; chili; processed mushrooms; raisins; tofu; vegetable based food beverages; prepared entrees consisting primarily of beans with rice and other side dishes; Umeboshi plum paste; grain based food beverages; natural food sweeteners; arrowroot for use as a food thickener; rice; Ponzu sauce; prepared entrees consisting primarily of rice with beans and other side dishes; edible spices; concentrates for making non-alcoholic beverages; and cooking wine.

40. Eden Foods duly registered EDEN as a trademark in the USPTO under Registration No. 5,189,572, which issued April 25, 2017, and covers instant miso soup and muesli.

41. Eden Foods duly registered EDEN FOODS as a trademark in the USPTO under Registration No. 5,189,573, which issued April 25, 2017, and covers instant miso soup.

42. Eden Foods duly registered EDEN as a trademark in the USPTO under Registration No. 5,608,452, which issued on November 13, 2018, and covers tahini and black sesame butter.

43. Eden Foods duly registered EDEN as a trademark in the USPTO under Registration No. 6,138,923, which issued September 1, 2020, and covers the following products:

- gift baskets and bags primarily containing soup and also including a ceramic soup cup; gift baskets and bags primarily containing fruit butters, fruit sauces and dried fruits; processed seeds for snacking; processed beans;

- gift baskets and bags primarily containing tea powder and also including a whisk, spoon and bowl; gift baskets and bags primarily containing organic teas and also including an infuser spoon and mug; gift baskets and bags primarily containing popcorn and also including a popcorn bowl; pasta and pasta sauce; processed seeds

for use as seasoning; condiments, namely, ketchup, mustard, and mayonnaise.

44. Eden Foods duly registered EDEN FOODS as a trademark in the USPTO under Registration No. 6,637,479, which issued February 8, 2022, and covers canvas shopping bags; tote bags; and lunch bags not of paper.

45. Registration Nos. 1,440,754, 1,452,337, 1,862,634, 2,229,053, 2,272,652, 2,503,977, 2,905,671, 2,977,773, 3,071,337, 3,102,575, 4,065,063, 4,171,490, 4,264,567, 4,264,570, 4,272,392, 4,272,393, 4,336,312, 4,431,041, 5,189,572, 5,189,573, 5,608,452, 6,138,923 and 6,637,479 (the "EDEN Registrations") are *prima facie* evidence of the validity and exclusive right to use of the mark EDEN, alone and in combination with other words and/or designs, and are constructive notice of ownership thereof, all as provided by §§ 7(b) and 22 of the Federal Trademark Act, 15 U.S.C. §§ 1057(b) and 1072.  As the right to use the mark EDEN, alone and in combination with other word and designs, has become incontestable, Registration Nos. 1,452,337, 1,862,634, 2,229,053, 2,272,652, 2,503,977, 2,905,671, 2,977,773, 3,071,337, 3,102,575, 4,065,063, 4,171,490, 4,264,567, 4,264,570, 4,272,392, 4,272,393, 4,336,312, 4,431,041, 5,189,572, and 5,189,573 are conclusive evidence of Eden Foods' exclusive right to use the marks shown therein in commerce as provided by §§ 15 and 33(b) of the Federal Trademark Act, 15 U.S.C. §§ 1065 and 1115(b).  True copies of USPTO records reflecting subsisting registration of Registration Nos. 1,440,754, 1,452,337, 1,862,634, 2,229,053, 2,272,652, 2,503,977, 2,905,671, 2,977,773, 3,071,337, 3,102,575, 4,065,063, 4,171,490, 4,264,567, 4,264,570, 4,272,392, 4,272,393, 4,336,312, 4,431,041, 5,189,572, 5,189,573, 5,608,452, 6,138,923, and 6,637,479 are attached hereto as Exhibit A and made a part hereof.

### DEFENDANT'S WILLFUL AND UNAUTHORIZED USE OF THE CONFUSINGLY SIMILAR EDEN BOOST MARK

46. Notwithstanding Eden Foods' well-known and prior-established rights in the mark

EDEN in various forms for consumable products, Defendant is using the EDEN formative mark as part of its trademark EDEN BOOST, as well as its trade name, Eden Boost Private Limited.

47. On information and belief, Defendant began using the trade name Eden Boost Private Limited in 2020.

48. On information and belief, Defendant began using the EDEN BOOST trademark on March 1, 2021.

49. The EDEN BOOST trademark and trade name entirely incorporate Plaintiff's protected EDEN mark, with the insubstantial addition of the descriptive and/or laudatory term BOOST that emphasizes the shared element EDEN.

50. Defendant uses the EDEN BOOST mark for sales of and retail services for various supplement products, including powdered food supplements under the names AlphaCleanse and VulcanSlim, and a sleep aide under the name Lunite.

51. Defendant markets its products by touting their "natural" properties, and their "organic" and "superfood" ingredients. Defendant's marketing includes claims regarding its products' health benefits including "digestive health" and providing "clean energy."

52. Defendant sells its products online through Amazon.com and its own e-commerce site at shop.edenboost.com. The e-commerce website repeatedly uses the EDEN BOOST mark to offer and promote its products.

53. Both Defendant's e-commerce website and its product packaging use a particular stylization of EDEN BOOST with leaves, as follows:



54. Defendant's e-commerce website specifically targets U.S. consumers, including by

claiming its products are made in the United States; by offering "Free USA Shipping;" by providing a U.S. phone number for its help center; and through a recurring pop-up purportedly identifying recent purchasers, many of whom are located in various U.S. cities.

55. In the pop-ups appearing on Defendant's e-commerce site that purport to identify recent purchasers, Defendant stated that it had recently sold a product to "Melanie from Richardson, United States." On information and belief, based on Defendant's purported physical location in Dallas, Texas, this pop-up is intended to reference Richardson, Texas, a city located in close proximity to Dallas.

56. Defendant has sold infringing products within the United States including, on information and belief, within the State of Texas.

57. On October 9, 2021, an individual named Wilson Lau filed a trademark application with the U.S. Patent and Trademark Office ("USPTO") for the following mark:



directed to "Dietary and nutritional supplements." The application claimed that the mark was in current use in U.S. commerce, and had been since March 1, 2021. Records reflecting the application, designated U.S. App. Ser. No. 97/066,932 (the "Application"), are attached as Exhibit B.

58. On information and belief, the trademark applicant Wilson Lau is one of the owners and/or directors of Defendant, and was acting in his capacity as the owner/director and on behalf of Defendant when he filed the Application. Mr. Lau retained U.S.-based counsel to represent him during prosecution of the Application.

59. On or around December 16, 2021, Eden Foods sent a Letter of Protest to the

USPTO, protesting registration of the Application in view of a likelihood of confusion with Eden Foods senior trademark registrations.

60. On December 16, 2021, counsel for Eden Foods sent a cessation demand to counsel identified in the Application, listing Eden Foods' trademarks, explaining its rights and the likelihood of confusion that the EDEN BOOST mark created with regard to those rights, and demanding that Mr. Lau cease use of the EDEN BOOST mark. Counsel received no response to this correspondence.

61. Counsel for Eden Foods wrote to Defendant's counsel again on February 4, 2022, re-sending the original correspondence and asking for confirmation of receipt. Counsel received no response to this correspondence.

62. On or around February 16, 2022, the USPTO Office of the Deputy Commissioner of Trademark Examination Policy granted Eden Foods' Letter of Protest against the Application, and forwarded Eden Foods' registrations to the examining attorney reviewing the Application for consideration.

63. On July 27, 2022, the USPTO issued a Nonfinal Office Action, refusing registration of the Application based on a likelihood of confusion with Eden Foods' senior trademark rights. The Office Action required a response within six months. No response was ever filed.

64. Counsel for Eden Foods wrote to Defendant's counsel again on September 1, 2022, addressing its prior unanswered correspondence and the USPTO's recent refusal of the Application. Counsel received no response to this correspondence.

65. On February 8, 2023, the USPTO issued a Notice of Abandonment as to the Application, for failure to respond to the Office Action.

66. Counsel for Eden Foods wrote to Defendant's counsel again on June 9, 2023. This

correspondence again recounted Eden Foods' prior attempts to contact Defendant, re-forwarded the initial cessation demand, and noted the abandonment of the Application. Counsel received no response to this correspondence.

67. Having received no responses to its numerous contact attempts, on October 4, 2024, counsel for Eden Foods sent a cessation demand directly to Defendant, via the contact information available on its website. Counsel received no response to this correspondence.

68. Despite this repeated correspondence regarding Eden Foods' trademark rights, the USPTO's refusal of the Application based on a likelihood of confusion with Eden Foods' trademark rights, and the subsequent abandonment of the EDEN BOOST Application, Defendant has continued use of the EDEN BOOST mark in commerce.

## COUNT ONE:
### (Trademark Infringement Under the Lanham Act)

69. Eden Foods repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

70. Eden Foods possesses valid and subsisting trademark rights in its inherently distinctive EDEN family of marks, including through ownership of the EDEN Registrations.

71. Defendant is using the EDEN BOOST mark in commerce in connection with the sale, offering for sale, distribution, and advertising of edible products including its supplement products, and related retail services.

72. Defendant possesses no valid rights in the EDEN BOOST mark.

73. The EDEN BOOST mark is confusingly similar to Eden Foods' trademark rights in its EDEN family of marks identified herein, including those identified in the EDEN Registrations.

74. Upon information and belief, based upon the correspondence sent to Defendant and

its owners by both Eden Foods and the USPTO, Defendant has actual notice of the existence of Eden Foods' superior rights in the EDEN family of marks.

75. Use of the EDEN BOOST mark by Defendant is without the permission or authorization of Eden Foods.

76. The aforesaid acts by Defendant have caused and/or are likely to cause confusion, mistake and/or deception among consumers and the public, leading the public falsely to believe that the products and services offered by Defendant under the EDEN BOOST mark are those of, sponsored or approved by, or in some way connected with Eden Foods.

77. The aforesaid acts by Defendant constitute direct and willful infringement of Eden Foods' trademark rights in violation of 15 U.S.C. § 1114(1).

78. The aforesaid acts have caused, and are causing, great and irreparable harm to Eden Foods and the public. The harm to Eden Foods includes harm to the value and goodwill associated with the EDEN family of marks. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.

## COUNT TWO:
**(Unfair Competition and False Designation of Origin Under the Lanham Act)**

79. Eden Foods repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

80. Through their inherent distinctiveness and decades of use in U.S. commerce, consumers recognize that Eden Foods' EDEN family of marks designate Eden Foods as the origin of the products and services offered thereunder.

81. Defendant is using the EDEN BOOST mark in commerce in connection with the sale, offering for sale, distribution, and advertising of edible products including its supplement products, and related retail services.

82. The EDEN BOOST mark is confusingly similar to Eden Foods' trademark rights in its EDEN family of marks.

83. Use of the EDEN BOOST mark by Defendant is without the permission or authorization of Eden Foods.

84. The aforesaid acts by Defendant have caused and/or are likely to cause confusion, mistake and/or deception among consumers and the public, leading the public falsely to believe that the products and services offered by Defendant under the EDEN BOOST mark are those of, sponsored or approved by, or in some way connected with Eden Foods.

85. The aforesaid acts by Defendant constitute unfair competition and false designation of original pursuant to 15 U.S.C. § 1125(a).

86. The aforesaid acts have caused, and are causing, great and irreparable harm to Eden Foods and the public. The harm to Eden Foods includes harm to the value and goodwill associated with the EDEN family of marks. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.

## COUNT THREE:
### (Trademark Infringement Under Texas Common Law)

87. Eden Foods repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

88. Eden Foods' EDEN marks identified herein are eligible for protection under the law based on their inherent and acquired distinctiveness to the consuming public.

89. Defendant is using the EDEN BOOST mark in Texas commerce in connection with the sale, offering for sale, distribution, and advertising of edible products including its supplement products, and related retail services.

90. The EDEN BOOST mark is confusingly similar to Eden Foods' trademark rights

in its EDEN family of marks identified herein, including those identified in the EDEN Registrations.

91. Eden Foods' use and ownership of the EDEN marks is senior to any use by Defendant of the EDEN BOOST mark.

92. Defendant's use of the EDEN BOOST mark is without the permission or authorization of Eden Foods.

93. The aforesaid acts by Defendant have caused and/or are likely to cause confusion, mistake and/or deception among consumers and the public, leading the public falsely to believe that the products and services offered by Defendant under the EDEN BOOST mark are those of, sponsored or approved by, or in some way connected with Eden Foods.

94. The aforesaid acts have caused, and are causing, great and irreparable harm to Eden Foods and the public. The harm to Eden Foods includes harm to the value and goodwill associated with the EDEN family of marks. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.

95. The aforesaid acts by Defendant constitute direct infringement of Eden Foods' trademark rights in violation of Texas law.

## COUNT FOUR:
### (Trade Name Infringement Under Texas Common Law)

96. Eden Foods repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

97. Eden Foods' trade name is eligible for protecting under the law based on its inherent and acquired distinctiveness to the consuming public.

98. Defendant is using the EDEN BOOST mark and trade name in Texas commerce in connection with the sale, offering for sale, distribution, and advertising of edible products

including its supplement products, and related retail services.

99. The EDEN BOOST mark and trade name is confusingly similar to Eden Foods' rights in its EDEN FOODS trade name.

100. Eden Foods' use and ownership of the EDEN FOODS trade name is senior to any use by Defendant of the EDEN BOOST mark or trade name.

101. Defendant's use of EDEN BOOST is without the permission or authorization of Eden Foods.

102. The aforesaid acts by Defendant have caused and/or are likely to cause confusion, mistake and/or deception among consumers and the public, leading the public falsely to believe that the products and services offered by Defendant under the EDEN BOOST mark and trade name are those of, sponsored or approved by, or in some way connected with Eden Foods.

103. The aforesaid acts have caused, and are causing, great and irreparable harm to Eden Foods and the public.  The harm to Eden Foods includes harm to the value and goodwill associated with its trade name. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.

104. The aforesaid acts by Defendant constitute infringement of Eden Foods' rights in its trade name in violation of Texas law.

## **PRAYER FOR RELIEF**

WHEREFORE Eden Foods respectfully requests of this Court:

1. That judgment be entered in favor of Eden Foods on its claims of, trademark infringement.

2. That the Court permanently enjoin Defendant and its officers, directors, principals, agents, servants, employees, successors, and assigns, and all those in active concert or participation

with them, jointly and severally, from:

    a.    Copying, distributing, altering, displaying, hosting, selling and/or promoting products or services using the EDEN or EDEN BOOST marks or any marks confusingly similar thereto;

    b.    Using any copy or colorable imitation of the EDEN mark in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, printing, importation, production, circulation, or distribution of any product or service, in such fashion as to relate or connect such product in any way to Eden Foods, or to any products sold, manufactured, sponsored, approved by, or connected with Eden Foods;

    c.    Registering or using any domain names including the EDEN or EDEN BOOST marks or any marks confusingly similar thereto;

    d.    Engaging in any other activity constituting an infringement of the EDEN family of marks, or constituting any damage to Eden Foods' name, reputation, or goodwill.

    3.    That those in active concert or participation with Defendant and those with notice of the injunction, including without limitation any web hosting providers, domain name registrars, and domain name registries, CDN providers, social media platforms, certificate providers, messaging app providers, and/or email service providers, cease facilitating access to any or all domain names and websites or accounts through which Defendant engages in unlawful access to, use, reproduction, and distribution of products or services bearing the EDEN or EDEN BOOST marks or any marks confusingly similar thereto.

    4.    That the Court order the domain registry for edenboost.com to change the domain registrar to Eden Foods' registrar of choice and by such registrar's change of the registrant to Eden Foods.

5. That Defendant be required to pay Eden Foods statutory damages pursuant to 15 U.S.C. § 1117.

6. That, in the alternative, actual damages be awarded against Defendant.

7. That Defendant be required to give an accounting, and disgorge all revenues earned from the sale of infringing products.

8. That the Court order an award of costs and reasonable attorney's fees incurred by Eden Foods in connection with this action pursuant to 15 U.S.C. § 1117(a); and

9. That the Court order an award to Eden Foods of such other and further relief as the Court may deem just and proper.

Dated: January 21, 2025          By:     /s/ Kirby Drake
                                         Kirby Drake (TX Bar No. 24036502)
                                         Christopher Kelly (for *pro hac* admission)
                                         Adrienne J. Kosak (for *pro hac* admission)
                                         WILEY REIN LLP
                                         2050 M Street NW
                                         Washington, DC 20036
                                         Tel: (202) 719-7000
                                         kbdrake@wiley.law
                                         ckelly@wiley.law
                                         akosak@wiley.law

                                         *Counsel for Plaintiff*
                                         *Eden Foods, Inc.*